FILED
CLERK, U.S. DISTRICT COURT
3/25/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>AMBARTSUM MOSKOVIAN,<br><br>　　　　Defendant. | CR　2:22-cr-00113-MWF<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

　　On or about June 29, 2021, in Los Angeles County, within the Central District of California, defendant AMBARTSUM MOSKOVIAN knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 234.6 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about June 29, 2021, in Los Angeles County, within the Central District of California, defendant AMBARTSUM MOSKOVIAN knowingly possessed firearms, namely, a Glock, model 22, .40 caliber, semi-automatic pistol, bearing serial number BGGW281, and a Polymer80, .40 caliber, semi-automatic pistol, four Polymer80, 9mm caliber, semi-automatic pistols, and two Polymer80 semi-automatic pistols of unknown caliber, each lacking serial numbers (commonly referred to as "ghost guns"), in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about June 29, 2021, in Los Angeles County, within the Central District of California, defendant AMBARTSUM MOSKOVIAN knowingly possessed a firearm, namely, a Glock, model 22, .40 caliber, semi-automatic pistol, bearing serial number BGGW281, and ammunition, namely, one round of Poongsan Corporation 9mm Luger caliber ammunition, five rounds of Winchester 9mm Luger caliber ammunition, 24 rounds of Blazer .40 S&W caliber ammunition, four rounds of Tulammo 9mm Luger caliber ammunition, and nine rounds of Wolf 9mm Luger caliber ammunition, in and affecting interstate and foreign commerce.

Defendant MOSKOVIAN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court for the State of California, County of Los Angeles, Case Number BA097205, on or about January 5, 1996;

2. Possession of a Narcotic Controlled Substance for sale, in violation of California Health and Safety Code Section 11350(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA160951, on or about July 31, 1998; and

3. Receiving/Concealing Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA222178, on or about January 2, 2002.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

   (c)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

4

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

|   |   |
|---|---|
| 1 | FORFEITURE ALLEGATION TWO |
| 2 | [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)] |

3    1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Two or Three of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section